■ In the Matter of FRANCIS X. PAYNE, Respondent, v GARNETT MCKEEN LABORATORY, INC., Appellant. (Matter No. 1.) FRANCIS X. PAYNE, Plaintiff, v BRITTANY CROSS ASSOCIATES et al., Defendants. (Matter No. 2.) [648 NYS2d 137] —In an action to recover the proceeds of a promissory note in which a judgment in favor of the plaintiff was entered by the Supreme Court, Suffolk County, on May 6, 1993, and a related proceeding pursuant to CPLR 5225 (a) and (b), to enforce the judgment against Roy McKeen, the appeal is from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated July 18, 1995, as, upon granting the petition in Matter No. 1, directed the appellant to cancel shares of stock owned by Roy McKeen in Garnett McKeen Laboratory, Inc., up to the amount of the judgment, and to reissue those shares directly to the petitioner as a judgment creditor.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Upon a special proceeding commenced by a judgment creditor against a person in possession or custody of money or other personal property in which the judgment debtor has an inter-

est, the judgment creditor bears the burden of proof that the person is actually in custody or control of such money or other personal property (see, CPLR 5225 [b]). Moreover, where the judgment debtor's interest involves intangible property, such as shares of stock in a corporation, CPLR 5201 (c) identifies the proper garnishee as the person holding the certificates. Hence, where, as here, the uncontroverted evidence shows that the appellant is not holding the stock certificates, Garnett is not the proper garnishee and thus, the petitioner's service of his execution upon the appellant was improper. O'Brien, J. P., Pizzuto, Joy and Hart, JJ., concur.